IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMMIE VILLARREAL                                                                    PLAINTIFF

V.                         CIVIL ACTION NO. 2:15-CV-2152-MEF

CAROLYN W. COLVIN, Commissioner,
Social Security Administration                                                       DEFENDANT

## FINAL JUDGMENT

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying her claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and having heard oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench following the parties' oral argument, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court finds that substantial evidence is lacking to support the ALJ's determination that the Plaintiff can perform a full range of medium work. The record makes clear that the Plaintiff has been diagnosed with hepatitis C and suffers from severe fatigue, thrombocytopenia, abdominal pain, severe portal hypertension, an enlarged liver and spleen, ascites, and varices. Plaintiff's treating source, Nurse Stephanie Davis at Sophia Meyer Family Medicine, opined Plaintiff could essentially perform a limited range of sedentary work involving limited reaching, handling, fingering, feeling and exposure to extremes, noise, dust, vibration, humidity/wetness, hazards, fumes, odors, chemicals, and gases. However, Nurse Davis also concluded she could not climb,

balance, kneel, kneel, crouch, or crawl. She then identified Plaintiff's diagnosis of thrombocytopenia as the basis for her decision, explaining that it causes extreme fatigue and could lead to random bleeding and/or bruising, general malaise, and weakness. Although the ALJ is correct in stating that the record documents no episodes of random bleeding, the fact that her condition makes her susceptible to this requires that her RFC assessment take this possibility into account. The RFC assessment should also take into account the chronic fatigue resulting from her impairments. Because the current RFC does not do so, the Court finds remand necessary to allow the ALJ to reconsider the Plaintiff's RFC.

Because the ALJ does not feel that an RFC assessment from Nurse Davis is sufficient to establish the Plaintiff's limitations, on remand, the ALJ is directed to obtain an RFC assessment from Dr. Ihab Herraka. If Dr. Herraka is unwilling or otherwise unable to complete an RFC assessment, then the ALJ is directed to order a consultative gastroenterology examination, complete with a thorough RFC assessment. In so doing, all of the Plaintiff's medical records, including lab results, should be forwarded to the consultative examiner for review and consideration. Upon receipt of this additional evidence, the ALJ is directed to reformulate the Plaintiff's RFC. He should then pose a properly phrased hypothetical question to a vocational expert to ascertain whether work exists in significant numbers in the national economy that the Plaintiff remains capable of performing.

IT IS SO ORDERED AND ADJUDGED on this the 29th day of July, 2016.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE